IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNVERFERTH MFG. CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:16-cv-03054 |
| | ) | |
| v. | ) | |
| | ) | |
| BOB BURNS SALES AND SERVICE, INC., | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND UNFAIR COMPETITION

Plaintiff, Unverferth Mfg. Co., Inc. ("Unverferth"), by and through the undersigned counsel, files this Complaint against Defendant Bob Burns Sales and Service, Inc. ("Burns"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, false advertising and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., and injury to business reputation and tortious interference under Iowa statutory and common law.

2. As discussed in greater detail below, Unverferth has for many years been selling new agricultural equipment through its authorized dealers under the federally-registered marks BRENT, PARKER, and UNVERFERTH. During that time, Unverferth has advertised and sold its products, and developed tremendous goodwill in its trademarks. Upon information and belief, Unverferth's customers understand that new Unverferth products are only sold through authorized Unverferth dealers. Burns is an unauthorized reseller of Unverferth's products that claims to sell new Unverferth products as an authorized Unverferth dealer. In order to do this,

Burns misrepresents itself as an authorized Unverferth dealer in order to obtain new Unverferth products. In addition, Burns also purchases used Unverferth products and offers such used products as new. These actions by Burns are causing confusion in the marketplace and have damaged Unverferth.

## THE PARTIES

3. Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

4. Upon information and belief, Burns is a corporation organized and existing under the laws of the State of Minnesota having a place of business at 36994 73rd St., Janesville, Waseca County, Minnesota 56048.

## JURISDICTION AND VENUE

5. This action arises under the trademark laws of the United States, Title 15 of the United States Code. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

7. On information and belief, Burns is subject to personal jurisdiction in this district by virtue of its presence in this State, having conducted business in this State, having availed itself of the rights and benefits of Iowa law such that it should reasonably anticipate being haled into court in this judicial district, having engaged in systematic and continuous contacts with the State of Iowa, and in particular within this judicial district, and from the receipt of substantial revenue from activities conducted in this state and in this judicial district. Further, Burns has committed acts of infringement and unfair competition directly targeting this judicial district.

2
Case 3:16-cv-03054-LTS   Document 2   Filed 05/20/16   Page 2 of 13

8. Specifically, Burns purchased used BRENT gravity wagons at an auction in Floyd, Iowa in January 2016. Burns is currently offering these gravity wagons as "new" on its website www.burns-sales.com.

9. In addition, Burns sells and offers for sale Unverferth products to customers in Iowa.

## THE EVENTS GIVING RISE TO UNVERFERTH'S CLAIMS

10. Unverferth is a well-known leading manufacturer and distributor of agricultural equipment, including grain carts, gravity wagons and seed tenders.

11. Unverferth sells its agricultural equipment under several well-known brands, including BRENT, PARKER, and UNVERFERTH. New Unverferth products are sold through Unverferth's authorized dealers. It is a very important function of Unverferth's business model that new products are sold through its authorized dealers. For example, since such products are covered by warranty, it is vital that an authorized dealer sell the product so that pertinent information is communicated accurately between Unverferth and the customer.

12. In certain cases where an authorized Unverferth dealer needs a specific product for a customer that it does not have in inventory, that dealer will contact another authorized Unverferth dealer that has the specific product to arrange a dealer to dealer transfer. The price for a transfer between dealers is a lower internal price than the normal retail price. Unverferth does not object to such dealer to dealer transfers.

13. Upon information and belief, Unverferth's customers understand and expect that Unverferth's new products are sold only through authorized dealers.

14. In the rare cases where a product is returned to Unverferth, Unverferth will refurbish the product and sell such product as used.

3

15. On May 29, 2001, Unverferth obtained U.S. Trademark Registration No. 2,455,188 for the mark BRENT for, among other things, "agricultural vehicles, namely, grain carts, gravity boxes and grain wagons." This registration is valid, subsisting and incontestable. A true and correct copy of a printout from the electronic records at the United States Patent and Trademark Office showing Unverferth's ownership of Registration No. 2,455,188 is attached as Exhibit A.

16. On July 13, 2010, Unverferth obtained U.S. Trademark Registration No. 3,816,697 for the mark PARKER for, among other things, "agricultural vehicles, namely, grain carts, gravity boxes and grain wagons." This registration is valid, subsisting and incontestable. A true and correct copy of a printout from the electronic records at the United States Patent and Trademark office showing Unverferth's ownership of Registration No. 3,816,697 is attached as Exhibit B.

17. On May 12, 1998, Unverferth obtained U.S. Trademark Registration No. 2,156,495 for the mark UNVERFERTH for, among other things, "agricultural vehicles, namely, grain carts, gravity boxes, fertilizer carts, bulk trailers, combine header transports, and running gear frames; and wheels, hubs, and rims for agricultural vehicles." This registration is valid, subsisting and incontestable. A true and correct copy of a printout from the electronic records at the United States patent and trademark office showing Unverferth's ownership of Registration No. 2,156,495 is attached as Exhibit C

18. Pursuant to 15 U.S.C. § 1115, the U.S. trademark registrations above serve as prima facie evidence of the validity and registration of the registered marks, of Unverferth's ownership of the registered marks, and of Unverferth's exclusive right to use the registered marks in commerce on or in connection with the goods identified in the registrations.

19. Unverferth has continuously sold and advertised its products under the PARKER mark since 2001, the BRENT MARK since 1988 and the UNVERFERTH mark for over forty years.

20. Through the volume of sales and advertising for its products sold under the BRENT, PARKER, and UNVERFERTH marks, the public associates these marks with Unverferth and Unverferth has developed tremendous goodwill in the marks.

21. The BRENT, PARKER and UNVERFERTH trademarks are valuable assets of Unverferth.

22. Burns is an unauthorized reseller of Unverferth's products, which it offers through its website www.burns-sales.com. A true and correct copy of a printout from the website at www.burns-sales.com is attached as Exhibit D.

23. In addition to selling used products, Burns also claims to sell new BRENT, PARKER, and UNVERFERTH products on its website. See Attached Exhibit D. Burns claims to sell new Unverferth products even though Burns is not an authorized Unverferth dealer.

24. Upon information and belief, Burns obtains new Unverferth products by contacting authorized Unverferth dealers and falsely claiming or suggesting that Burns is an authorized Unverferth dealer and requests the product as a dealer to dealer transfer at the lower internal price. Such actions by Burns cause confusion in the marketplace and damages Unverferth and its relationships with its authorized dealers.

25. Upon information and belief, Burns also falsely represents to customers that Burns is an authorized Unverferth dealer when selling "new" Unverferth equipment, creating the false impression that Burns is affiliated with Unverferth. For example, a customer in Iowa recently contacted Unverferth to complain that a new product purchased through Burns was not

able to be delivered according to the delivery schedule promised by Burns. While an authorized Unverferth dealer would have known this information and informed the customer accordingly, Burns did not. Since this customer mistakenly believed there was a relationship between Unverferth and Burns, the customer blamed Unverferth. Such actions by Burns cause confusion in the marketplace and damages Unverferth and its relationships with its customers.

26. The false representations by Burns also damages Unverferth and the public since Burns does not have access to Unverferth's internal databases that authorized dealers have. Without access to such databases, Burns cannot accurately complete the necessary warranty steps in order to ensure that a customer is fully covered by a warranty. Such actions damage Unverferth and its customers.

27. In addition to falsely representing itself to authorized dealers to obtain new Unverferth products, Burns also offers used Unverferth products as "new." For example, in January 2016, Unverferth sold two used BRENT gravity wagons at an auction in Floyd, Iowa. The serial numbers for the wagons were B31810167 and B32790130. True and correct copies of printouts from the auction website showing the wagons and serial numbers are attached as Exhibit E. These two wagons are now listed for sale by Burns as "new." True and correct copies of printouts from Burns's website listing the two wagons and showing the serial numbers are attached as Exhibit F. A review of the serial numbers for the products in Exhibits E and F show conclusively that Burns is selling as "new" the used gravity wagons that Unverferth sold back in January. Thus, Burns is falsely claiming that used Unverferth products are new. Such actions by Burns cause confusion in the marketplace and damages Unverferth and the public.

28. Burns must not be permitted to continue to erode Unverferth's goodwill in the marketplace by virtue of Burns's unauthorized and false representations.

6

29. Unless Burns ceases its unauthorized, infringing, and intentionally false representations, customers will continue to be confused by Burns's false and deceptive acts. Such confusion will allow Burns to destroy and devalue Unverferth's market, causing irreparable harm in the process. Unverferth's harm from losing control over its branded products cannot be compensated monetarily.

**COUNT I**
**(15 U.S.C. § 1114 - INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS)**

30. Unverferth realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-29 of this complaint.

31. Unverferth owns and has rights to use its federally registered BRENT, PARKER and UNVERFERTH trademarks in connection with agricultural products.

32. Unverferth's new products under the BRENT, PARKER and UNVERFERTH marks are sold exclusively by Unverferth's authorized dealers.

33. Burns is not an authorized Unverferth dealer.

34. Burns's misrepresentations of itself as an authorized Unverferth dealer and sale of allegedly new Unverferth products under the marks BRENT, PARKER and UNVERFERTH is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham act, as amended, 15 U.S.C. § 1114.

35. As a direct and proximate result of Burns's unauthorized use of the marks BRENT, PARKER and UNVERFERTH to allegedly sell new products, Unverferth has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

36. By misrepresenting itself as an authorized Unverferth dealer and offering allegedly new products, Burns has willfully infringed upon the rights of Unverferth, with intent to trade upon the goodwill associated with Unverferth's trademarks.

37. Unverferth has been, is now and will continue to be irreparably harmed by Burns's aforementioned wrongful acts, unless enjoined by this court.

38. Burns's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

39. Wherefore, Unverferth prays for the relief requested below.

## COUNT II
## (15 U.S.C. § 1125(A) FALSE ADVERTISING UNDER FEDERAL LAW)

40. Unverferth realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-39 of this Complaint.

41. Unverferth's new products under the BRENT, PARKER and UNVERFERTH marks are sold exclusively by Unverferth's authorized dealers.

42. Burns is not an authorized Unverferth dealer.

43. In addition, Burns falsely offers used Unverferth products as new products.

44. Burns's misrepresentations to dealers and customers of itself as an authorized Unverferth dealer are a false or misleading descriptions of fact, or false or misleading representations of fact, which misrepresent the nature, characteristics and qualities of Burns's business in commercial advertising and promotion, in violation of Section 43(a)(1)(B) of the Lanham act, as amended, 15 U.S.C. § 1125(a)(1)(B).

45. Burns's listing of used Unverferth products as new is a false or misleading description of fact, or a false or misleading representation of fact, which misrepresents the nature, characteristics and qualities of Burns's business in commercial advertising and

promotion, in violation of Section 43(a)(1)(B) of the Lanham act, as amended, 15 U.S.C. § 1125(a)(1)(B).

46. As a direct and proximate result of Burns's false or misleading descriptions of fact described above, Unverferth has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

47. Unverferth has been, is now and will continue to be irreparably harmed by Burns's aforementioned wrongful acts, unless enjoined by this court.

48. Burns's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

49. Wherefore, Unverferth prays for the relief requested below.

## COUNT III
## (15 U.S.C. § 1125(A) UNFAIR COMPETITION UNDER FEDERAL LAW)

50. Unverferth realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-49 of this Complaint.

51. Burns's misrepresentations to dealers and customers of itself as an authorized Unverferth dealer and its sale of used Unverferth products as new are calculated to and are likely to cause confusion and deception. The consuming public is likely to believe that Burns is licensed, sponsored, authorized or in some way associated or connected with Unverferth, or that Unverferth is the source of the Burns's claims.

52. Burns's acts set forth above constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. As a direct and proximate result of Burns's false or misleading descriptions of fact described above, Unverferth has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

54. Unverferth has been, is now and will continue to be irreparably harmed by Burns's aforementioned wrongful acts, unless enjoined by this court.

55. Burns's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

56. Wherefore, Unverferth prays for the relief requested below.

## COUNT IV
## (INJURY TO BUSINESS REPUTATION IN VIOLATION OF IOWA CODE SECTION 548.13)

57. Unverferth realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-56 of this Complaint.

58. Unverferth's BRENT, PARKER and UNVERFERTH marks are famous as this term is used in Iowa Code Section 548.13.

59. Burns's misrepresentations to dealers and customers of itself as an authorized Unverferth dealer and its sale of used Unverferth products as new have diluted the distinctive quality of Unverferth's marks and will continue to cause dilution unless enjoined.

60. Burns willfully intended to trade on Unverferth's reputation, entitling Unverferth to all remedies provided under Chapter 548.

## COUNT V
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)

61. Unverferth realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-60 of this Complaint.

62. Unverferth has contractual relationships with its authorized dealers.

63. Burns knew of Unverferth's contractual relationships with its authorized dealers.

64. Burns's misrepresentations of itself to dealers as an authorized Unverferth dealer intentionally and improperly interfered with the contractual relationships between Unverferth and its authorized dealers as recognized under Iowa common law.

65. Burns's misrepresentations of itself to authorized dealers as an authorized Unverferth dealer made contractual relationships more burdensome and expensive for Unverferth.

66. The interference by Burns has damaged Unverferth.

WHEREFORE, Unverferth respectfully requests that this Court:

1. Enter judgment that Burns has violated the Lanham Act, 15 U.S.C. § 1114 and § 1125(a), and Iowa Code Section 548.13 and committed tortious interference with business relations.

2. Enter judgment against Burns that the above acts were willful and intentional, making this an exceptional case.

3. Permanently enjoin Burns, and its officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert or participation with any of them (including, but not limited to, Bob Burns and Ben Burns) from:

(a) selling, offering to sell, or advertising any new Unverferth product, including BRENT, PARKER and UNVEFERTH branded products, or suggest that Burns is any way authorized, sponsored or approved by, or in any way related to Unverferth;

(b) representing by any means whatsoever, directly or indirectly, that any used Unverferth products are new products;

(c) representing by any means whatsoever, directly or indirectly, that Burns is an authorized Unverferth dealer;

(d) otherwise continuing any and all acts of infringement, false advertising, unfair competition, and deceptive trade practices as alleged in this Complaint; and

(e) causing, engaging in or permitting others to do any of the aforesaid acts.

4. Direct Burns to clearly state on its website and other promotional material that Burns is not an authorized Unverferth dealer.

5. Direct Burns to file with the Court and serve on counsel for Unverferth within 30 days after the entry of any permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Burns has complied with the injunction.

6. Award Unverferth damages for the claims of this Complaint.

7. Order Burns to account for and disgorge to Unverferth all profits Burns has secured by reason of the unlawful acts complained of herein.

8. That damages resulting from Burns's infringement, false advertising and unfair competition under the Lanham Act be trebled in accordance with the provisions of 15 U.S.C. § 1117.

9. Order Burns to pay Unverferth's pre-judgment interest on all damages.

10. Award Unverferth its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

11. Award Unverferth its costs of suit incurred herein.

12. For any such other or further relief as the Court may deem just and proper.

## JURY DEMAND

Unverferth demands a trial by jury on all issues.

12
Case 3:16-cv-03054-LTS   Document 2   Filed 05/20/16   Page 12 of 13

Dated: May 20, 2016                    Respectfully submitted,


                                       */s/ Michael A. Dee*
                                       Michael A. Dee, AT0002043
                                       BROWN, WINICK, GRAVES, GROSS,
                                       BASKERVILLE AND SCHOENEBAUM, P.L.C.
                                       666 Grand Avenue, Suite 2000
                                       Des Moines, IA 50309-2510
                                       Phone: (515) 242-2451
                                       Fax: (515) 242-2488
                                       Mdee@brownwinick.com

                                       Joseph A. Hynds
                                       Leo M. Loughlin
                                       ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                       607 14th St., N.W., Suite 800
                                       Washington, D 20005
                                       Phone: (202) 783-6040
                                       Fax: (202) 783-6031
                                       jhynds@rfem.com
                                       lloughlin@rfem.com

                                       ATTORNEYS FOR PLAINTIFF